UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| DOROTHY WOODWARD, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff(s), | )<br>) |
| vs. | ) Civil Action No. _____ |
| CITY OF CHATTANOOGA, *ex rel*, CHATTANOOGA POLICE DEPARTMENT, RIVERVIEW MEDICAL SERVICES, CO., a Tennessee corporation, and LAKENDRA PORTER, d/b/a RIVERVIEW MEDICAL SERVICES, CO., a Tennessee corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## VERIFIED COMPLAINT - CLASS ACTION FOR DAMAGES AND REQUEST FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

COMES now the plaintiff(s), by and through counsel, and for complaint would state as follows:

### COUNT 1 - CLASS CLAIMS

#### 1. PARTIES, VENUE AND JURISDICTION

1.1     Plaintiff, on behalf of herself and the class members, brings this lawsuit against defendants in their capacity pursuant to the Driver's Privacy Protection Act ("DPPA"). 18 U.S.C. § 2721 *et seq.* for monetary damages, attorneys fees, preliminary and equitable relief as a proximate result of defendants' violations of the clearly established rights, privileges, and immunities secured

to the plaintiff and class members by the Constitution and laws of the United States. **The claims of the class apply only to the defendant City of Chattanooga.**

1.2     This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (Federal Question Jurisdiction).

1.3     Plaintiff is a resident of Tennessee, whose protected personal information was obtained from the City of Chattanooga by defendants, Riverview Medical Services, Co., a Tennessee corporation, by and through its agents including Defendant Lakendra Porter, d/b/a Riverview Medical, for the purpose of solicitation and wrongfully disclosed by defendant for the City of Chattanooga who is aware of the entities collecting such information for solicitation, failed to deny any request on the basis of solicitation and failed to have any individuals or entities seeking disclosure to certify that the purpose was not for solicitation.

1.4     Acts giving rise to plaintiffs' cause of action occurred in the Eastern District of Tennessee. Pursuant to 28 U.S.C. § 1391(c) venue for this action is proper in the Eastern District of Tennessee.

1.5     Defendant, City of Chattanooga *ex rel* Chattanooga Police Department, is a municipal city corporation organized under the laws of the State of Tennessee. Defendant City of Chattanooga is a "person" as defined by the DPPA. When referring to the Chattanooga Police Department, that will include Defendant City of Chattanooga.

1.6     Defendant, Riverview Medical Services, Co. ("Riverview Medical"), is a Tennessee corporation doing business in Hamilton County at 6148 Lee Highway, Suite 107, Chattanooga, TN 37421.

1.7     Defendant, Lakendra Porter, is an agent of Defendant Riverview Medical Services, Co. and is an individual taking part in the activities complained of herein which can be served at her place of business at 6148 Lee Highway, Suite 107, Chattanooga, TN 37421.

1.8     Defendant, City of Chattanooga *ex rel* Chattanooga Police Department, wrongfully disclosed from plaintiff Dorothy Woodward's motor vehicle report and caused to be disclosed, directed disclosure, endorsed disclosure, conspired to disclose, or acquiesced to the disclosure of plaintiff's personal information which was known to be used for the purposes of solicitation by the other defendants.

## 2. THE DPPA AND TENNESSEE LAW IN RESPONSE TO THE DPPA

2.1     The DPPA forbids the disclosure of "personal information" contained in motor vehicle records for bulk distribution of surveys, marketing or solicitations if the "person" disclosing has not obtained the express consent of the person identified by the information. The term "person" is defined to include "an individual, organization or entity." 10 U.S.C. § 2725(2). Thus, the Defendant City of Chattanooga is a "person" as defined by the DPPA. See Luparello v. The Incorporated Village of Garden City, 290 F.Supp.2d 341 (USDC E.D. New York Nov. 13, 2003). The complete motor vehicle Tennessee Electronic Crash Reports are protected from disclosure under T.C.A. § 55-25-103(8)(9), -104 and -107. Such "personal information" by statute includes the name and address of motor vehicle owners, the type of registered vehicle, and other matters.

2.2     The DPPA preempts all state law to the contrary.

2.3     The DPPA has a remedial provision. 18 U.S.C. § 2724(b) that includes a provision for actual damages in an amount of no less than $2,500.00 per violation, attorney's fees, injunctive and equitable relief.

2.4     Defendant City of Chattanooga is aware that it is producing daily police reports ("motor vehicle records" as defined by the DPPA) out to be viewed by five different individuals or entities including one law firm. One of the five is an agent and/or personnel of the defendants, Riverview Medical and Lakendra Porter.

2.5     Since amendment to the Tennessee Public Records Act which took effect on July 1, 2016, the law of Tennessee was made even clearer that no personally identifying information was to be given out of any citizen of this state. TCA § 10-7-503, 504. This amendment was a little over one (1) year ago, so the class certification will be for disclosures made one (1) year prior to the filing of this suit and thereafter.

2.6     In response to the enactment of the DPPA, the Tennessee General Assembly enacted substantially identical requirements in the Uniform Motor Vehicle Records Disclosure Act. T.C.A § 55-25-101, *et seq.* which clearly prohibits disclosure of personal information specifically including the name, address and telephone number of individuals involved. T.C.A.§ 55-25-103 (8).

2.7     The State of Tennessee has already allegedly implement safeguards during the subject periods requiring proof of permission before production of a police report which can be seen with changes made in Buycrash.com (a statewide website used to purchase motor vehicle records in the form of Tennessee Electronic Traffic Crash Reports. So the only way, the plaintiff(s) information was accessed is through personal inspection in the front lobby of the Chattanooga Police Department.

## 3. GENERAL ALLEGATIONS

3.1     On 8/12/17, Plaintiff Woodward was driving her motor vehicle within the jurisdiction of the Defendant City of Chattanooga. Said vehicle was registered in Plaintiff Woodward's name in the State of Tennessee.

3.2     Plaintiff was involved in a motor vehicle wreck on 8/12/17 in Hamilton County, Tennessee which was investigated by the Chattanooga Police Department. As is typical, Plaintiff was asked to produce her State of Tennessee issued driver's license. Her personal information including name and address were obtained from her driver's license and registration information and information retrieved electronically at the scene as would be typical for all prospective class plaintiffs.

3.3     The Chattanooga Police Department investigated the subject wreck, as it does in all cases, and used plaintiff's (s') personal information to generate a Tennessee Electronic Traffic Crash Report #17-078479 using Plaintiff Woodward's personal information obtained from her driver's license and registration.

3.4     Defendant City of Chattanooga has no procedures in place to redact names, addresses and phone numbers as well as other personal information in the motor vehicle crash reports it generates and produces for review on a daily basis to these solicitors. Likewise, it does not require a reviewer to certify that disclosure is for a permitted purpose under the DPPA and specifically not for solicitation. Defendant City of Chattanooga is specifically aware that Pyramid Management (no such entity found incorporated in Tennessee) for Landmark Medical/Cheney Mason, D.C., Moore Road Medical, Gateway Media (another possible fake name), Southeast Spine & Nerve Institute, PLLC and Warren & Griffin are reviewing motor vehicle reports defendant City of Chattanooga

supplied to review for the purpose of solicitation. Either Pyramid Management or Gateway Media are the ones allegedly engaged by Defendant's Riverview Medical and Lakendra Porter.

3.5   Soon thereafter, Plaintiff Woodward received two (2) phone calls (which were and are recorded) on behalf of the Defendant Riverview Medical of which the Defendant's agent, Defendant Lakendra Porter has been identified as a participant in the acquisition and/or request and use of the personal information illegally obtained for the purpose of solicitation. Defendants Riverview Medical Services, Co. and Lakendra Porter will be referred to collectively as defendant "Riverview Medical."

3.6   These solicitations by Defendants Riverview Medical were made utilizing plaintiff's "personal information" as defined in 18 U.S.C. §2725(3) obtained from actions of the disclosure and production for review by the Defendant City of Chattanooga without plaintiff's (s') consent. The State of Tennessee and Hamilton County have already taken steps to comply with the DPPA so the defendant City of Chattanooga is the only source possible.

## 4.   VIOLATION OF DRIVERS PRIVACY PROTECTION ACT

Plaintiff and class members re-allege and incorporate by reference paragraphs 1.1 through 3.6, and further allege:

4.1   Defendants disclosed, caused to be disclosed, directed disclosure, endorsed disclosure, conspired to disclose, or acquiesced to the disclosure of plaintiff's personal information from defendant, City of Chattanooga, *ex rel.* Chattanooga Police Department.

4.2   Defendants were aware or should have been aware that the personal information was used for solicitation purposes.

-6-

4.3     Defendants' contracts, agreements or allowances were in essence sales of plaintiff's and class members' personal information.

4.4     Without first obtaining express consent, defendants disclosed plaintiff's personal information for a purpose not permitted under the DPPA.

4.5     Defendants' disclosure of plaintiff's personal information constitutes an invasion of privacy that violates the DPPA.

4.6     Plaintiff has retained undersigned counsel to prosecute this action. Under 18 U.S.C. § 2724(b)(3). Plaintiff and class members are entitled to recovery of attorney's fees and costs.

4.7     As a direct and proximate result of this violation, plaintiff and class members have sustained monetary damages.

WHEREFORE, plaintiff, individually and on behalf of all class members, demand judgment against defendants, for liquidated damages, actual damages, reasonable attorney's fees, and all costs of this action..

## 5. TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

5.1     Plaintiff(s) request an immediate temporary retraining order, preliminary injunction and permanent injunction.

   5.1.1   Plaintiff(s) claims have a likelihood of success on the merits. <u>Wilcox v. Batiste</u>, 2017 WL 2525309 (USDC, E. D. Washington June 9, 2017); Lozano v. City of Hazelton, 459 F.Supp.2nd 332 (USDC, M. D. Pennsylvania October 31, 2006). The DPPA clearly prohibits the disclosures identified herein. The confidential information definitely includes names, addresses and telephone numbers of wreck victims taken from motor vehicle reports. Tennessee law

-7-

Case 1:17-cv-00253-TAV-SKL    Document 1    Filed 09/14/17    Page 7 of 13    PageID #: 7

designates the same as confidential information. TCA Section 55-25-103. The United States Supreme Court held that such solicitation is not a permitted purpose under the DPPA. <u>Maracich v. Spears</u>, 133 S. Ct. 2191 (2013).

       5.1.2    Plaintiff(s) are likely to suffer irreparable harm in the absence of preliminary relief:

> " In the age of the internet, when information is made public quickly and without borders, it is nearly impossible to contain an impermissible disclosure after the fact, as information can live on in perpetuity in the ether to be shared for any number of deviant purposes. Based on the evidence before the Court, the Court finds that the WSP's current practice of selling un-redacted collision reports could needlessly expose individuals who have been in automobile accidents in Washington to having their private information compromised. The likelihood of further irreparable harm justifies the extraordinary relief of a preliminary injunction."

<u>Wilcox v. Bastiste</u>, 2017 WL 2525309. Only the Westlaw citation is currently available. United States District Court, E.D. Washington. June 9, 2017. <u>Lozano v. City of Hazelton</u>, 459 F.Supp.2d 332 (USDC M.D. Pennsylvania October 31, 2006)

       5.1.3    Balance of the equities tips in favor of the plaintiff(s). There is no valid governmental purpose that is furthered by indiscriminately providing collision reports that display private individual's personal information. Absent a preliminary injunction, the hardships imposed on the individuals whose information is disclosed on collision reports are far-ranging and significant.; therefore, this factor weights heavily in favor of the plaintiff(s). There would be minimal burden placed upon the defendant, City of Chattanooga, to require the redaction of personal information, as defined by the DPPA including the names, addresses and telephone numbers. <u>Wilcox v. Bastiste</u>, *Id.*

5.1.4   There is a valid public interest in the enforcement of federal statutes like the DPPA. In fact, the public as a vital interest in the protection of personal information and in preventing it from being sold indiscriminately to anyone who seeks collision reports for an improper purpose such as the defendants. Allowing the disclosure of personal information to continue pending the outcome of this litigation would undermine the very purpose of the DPPA. <u>Wilcox v. Bastiste</u>, <u>Id.</u>

5.1.5   The plaintiff(s) have a reasonable probability of success on the merits.

WHEREFORE, plaintiff(s) request this Honorable Court issue a temporary restraining order, preliminary injunction and permanent injunction preventing the City of Chattanooga from allowing defendants or any entities to inspect police reports without permission or for the purpose not allowed under the DPPA including solicitation.

## 6.  CLASS ACTION ALLEGATIONS

6.1   Pursuant to Rule 23(b)(3), *Federal Rules of Civil Procedure*, and Rule 23.1 *Local Rules of Eastern District of Tennessee*, plaintiff brings this action on behalf of herself and all others similarly situated, as representative of the following class.

6.2   Class Definition.   Each and every individual whose name, address, driver identification number, race, date of birth, sex and/or social security number were contained in motor vehicles records disclosed by defendant, City of Chattanooga, *ex rel.* Chattanooga Police Department, and without giving prior express consent for a period of one (1) year prior to the filing of this Complaint. The identity of the individuals whose reports were produced can be identified by the defendant City of Chattanooga. **The class claims apply only to defendant City of Chattanooga.**

6.3     Numerosity.  The Class is so numerous that individual joinder of all members is impracticable. Over the past year prior to filing of this Complaint, the defendant City of Chattanooga has permitted up to five different solicitor entities, including one local law firm, directly or through their agents, review stacks of each day's motor vehicle records for wrecks that occurred within its jurisdictional area. The identity of the individuals whose reports were produced can be identified by the defendant City of Chattanooga.

6.4     Common Questions.  There are questions of law or fact common to the class, which common question predominate over any questions affecting individual members.  The common questions include:

6.4.1     Whether defendant City of Chattanooga improperly disclosed and produced for review plaintiff's personal information from records of the City of Chattanooga within the meaning of the DPPA:

6.4.2     Whether defendant disclosed plaintiff's personal information for a use not permitted by the DPPA.

6.5     Typicality.  The claims of the representative parties are typical of the claims of the Class.  Each representative and each member of the Class has the same or similar factual circumstances, invasion of privacy, personal information and damages.  Thus, each representative and member of the Class has the same civil rights of action pursuant to 18 U.S.C. § 2724, the DPA.

6.6     Adequacy of representatives.  The representative party will fairly and adequately protect the interests of the Class.

6.7     Competence of Counsel.  Plaintiff has retained competent attorneys who are experienced in the conduct of class actions.

6.7.1   Plaintiff and her counsel have the necessary resources to adequately and vigorously litigate this class action.

6.7.2   Plaintiff and her counsel are aware of their fiduciary responsibility to the class members and are determined to diligently discharge those duties to obtain the best possible recovery for the Class.

## 7.  PRAYER FOR RELIEF

7.1   Plaintiff demands judgment against the defendant City of Chattanooga on her behalf and on behalf of all other class members, including:

    7.1.1   a declaration that this action is properly maintainable as a class action;

    7.1.2   compensatory damages;

    7.1.3   actual damages but no less than the statutory liquidated damages under the DPPA of at least $2,500.00 for each class representative and class member whose personal information was disclosed in violation of the DPPA;

    7.1.4   attorney's fees and costs;

    7.1.5   temporary retraining order and preliminary and permanent injuction; and

    7.1.6   any other relief the Court deems appropriate.

## COUNT 2 - INDIVIDUAL CLAIMS OF PLAINTIFF WOODWARD AGAINST NON-CLASS DEFENDANTS

8.   Plaintiff Dorothy Woodward incorporates paragraphs 1 through 7 as if fully set out herein this Count 2.

8.1 Defendants Riverview Medical did obtain Plaintiff Woodward's personal information as described above for the purpose of solicitation as described hereinabove in violation of the DPPA and Uniform Motor Vehicle Records Disclosure Act. T.C.A § 55-25-101, *et seq.*

### 9. PRAYER FOR RELIEF

9.1 Plaintiff Dorothy Woodward demands judgment against the defendants Riverview Medical, including:

    9.1.1 compensatory damages;

    9.1.2 actual damages but no less than the statutory liquidated damages under the DPPA of at least $2,500.00;

    9.1.3 attorney's fees and costs;

    9.1.4 temporary restraining order and preliminary and permanent injunction; and

    9.1.5 any other relief the Court deems appropriate.

Respectfully submitted this _____ day of September, 2017.

_____
DOROTHY WOODWARD

STATE OF TENNESSEE:
COUNTY OF HAMILTON:

Verified, sworn to and subscribed by Dorothy Woodward before me this 14 day of Sept., 2017.

_____
Notary Public

My commission expires: 2-24-20

[Notary Seal: BILLIE A. SNEED, STATE OF TENNESSEE, NOTARY PUBLIC, HAMILTON COUNTY]

-12-

Respectfully submitted,

McMAHAN LAW FIRM

By: _____
James R. Kennamer, BPR #16172
Attorneys for plaintiff(s)
P.O. Box 11107
Chattanooga, TN 37401
423/265-1100
Fax: 423/266-1981